# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN MEDER** | : | CIVIL ACTION |
| 22 S. 2nd Street | : | |
| Emmaus, Pennsylvania 18049 | : | NO._____ |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| **JENNIFER HERMANY** | : | |
| 7564 Railroad Street | : | |
| Trexlertown, Pennsylvania 18087 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Shawn Meder (hereinafter referred to as "Plaintiff"), hereby complains as follows against Jennifer Hermany (hereinafter referred to as "Defendant" unless otherwise indicated), and in support thereof avers as follows:

### I. INTRODUCTION

The Plaintiff has filed this lawsuit to address violations by Defendant Hermany of Federal and State Wiretapping laws. Plaintiff claims that Defendant illegally recorded his conversation with Sherry Fels ('Fels'), a Vice President of Plaintiff's company, and shared some of that recorded personal and sensitive content with others, thereby invading his privacy and damaging the reputation of his business.

### II. JURISDICTION AND VENUE

1. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28

U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

2. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this judicial district, Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant is an adult individual with an address as set forth above.

## IV. FACTUAL BACKGROUND

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth at length.

9. Plaintiff is the President and owner of PA Fire Recovery Service, LLC. ('PAFRS')

10. Defendant worked in Plaintiff's Business for approximately three years as an Office Manager.

11. She is a friend of Fels who recommended her for that job.

12. Fels, in her capacity as V.P. at PAFRS, oversees Human Resources, payroll, and other executive functions.

13. Fels is approximately 45 years old and has never been married.

14. She has a live-in boyfriend, Defendant's son Tyler, who is 29 years old and a shipping manager for Federal Express.

15. On April 28, 2025, text messages were exchanged between Fels and the Plaintiff.

16. These messages were both personal and business in nature.

17. Fels and the President have been companions in the past.

18. During this exchange of messages, on April 28, 2025, Fels stated she wanted to discuss some of the subjects from the texts in person and wanted to come over to Plaintiff's residence.

19. The Plaintiff specifically told Fels he did not want her to show up at his house to discuss any matter.

20. However, half an hour later, despite Plaintiff's wishes, Fels showed up anyway.

21. A lengthy conversation then took place that evening in the Plaintiff's garage.

22. The subject matters of that conversation (conversation'), which took place from 8.30 pm until 10:30 pm, involved both business matters and highly sensitive, private content.

23. In July of 2025, Plaintiff, while at work, opened a notebook on Fels's desk.

24. The notebook contained a written admission that Fels's conversation with the Plaintiff on April 28, 2005, had been recorded by Defendant.

25. This was accomplished by Fels keeping an open cell phone line while talking, in person, to Plaintiff, while Defendant was elsewhere, recording the entire conversation.

26. The Plaintiff had no knowledge that the conversation was being recorded and would never have consented to it.

27. Fels, when questioned by Plaintiff, admitted that Defendant had recorded the conversation in the manner set forth above.

28. Defendant, according to Fels, had also encouraged other employees to record phone calls with the Plaintiff.

# COUNT I

### Violation of the Federal Wiretap Act, codified as Title III of the Omnibus Crime Control and Safe Streets Act of 1968 and amended by the Electronic Communications Privacy Act (ECPA) of 1986

29. Plaintiff incorporates all the preceding paragraphs as if set forth at length.

30. The Federal Wiretap Act (Wiretap Act '), codified as Title III of the Omnibus Crime Control and Safe Streets Act of 1968 and amended by the Electronic Communications Privacy Act (ECPA) of 1986, provides a statutory framework for addressing the interception of wire, oral, and electronic communications.

31. It establishes both criminal penalties and civil remedies for violations of its provisions.

32. A Plaintiff can use this statute to bring civil claims for unauthorized interception, disclosure, or use of their communications.

33. The Wiretap Act explicitly grants a private right of action to individuals whose communications are intercepted, disclosed, or intentionally used in violation of its provisions.

34. Section 2520(a) states: "Any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate".

35. Relief under this section includes equitable relief, damages (both actual and statutory), punitive damages in appropriate cases, and reasonable attorney's fees and litigation costs ( 18 U.S.C.A. § 2520).

Case 2:25-cv-04752-MG   Document 1   Filed 08/18/25   Page 5 of 12

36. In this case, the Defendant intentionally recorded the Plaintiff's private conversation.

37. The Defendant intercepted and tried to intercept the contents of oral communication using a tape recorder, cell phone, or other electronic or mechanical device.

38. In this case, the term "intercept" is defined as 'the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device.'

39. The interception occurred contemporaneously with the transmission of the communication.

40. The interception was, among other things, to tortiously interfere with the Plaintiff's contractual relationships with his employees and others, and to defame him, invade his privacy, and cast him in a false light.

**WHEREFORE**, Plaintiff requests the relief set forth in the Ad Damnum section of this complaint.

### COUNT II

### Violations of the Pennsylvania Wiretapping and Electronic Surveillance Control Act (The Wiretap Act) 18 Pa.C.S.A.§5725

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Section 5725 of the Wiretap Act establishes that any person whose wire, electronic, or oral communication is intercepted, disclosed, or used in violation of the Act may bring a civil action against the violator.

43. In this case, the Plaintiff's oral communication was intercepted, disclosed, or used in violation of the Act.

44. The oral communication was intentionally intercepted and disclosed without authorization.

45. During the conversation, the Plaintiff had an objectively reasonable and justifiable expectation of privacy.

**WHEREFORE,** Plaintiff is entitled to recover actual damages (with a minimum of One Thousand Dollars ($1,000.00) or One Hundred Dollars ($100.00) per day of violation, whichever is higher), punitive damages, reasonable attorney's fees, and other reasonably incurred litigation costs.

## COUNT III

### Defamation

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. After wiretapping Plaintiff's phone call, Defendant used some of the content to communicate to others, specifically but not limited to Plaintiff's employees.

48. Some of those communications were false, and the recipient of the slander knew that the communication referred to the Plaintiff.

49. On information and belief, Defendant repeated the slander to others who were not employees.

50. The Defendant damaged the Plaintiff's reputation in the community and caused him emotional and psychological harm, for which the Plaintiff seeks compensation.

WHEREFORE, Plaintiff requests the relief set forth in the Ad Damnum clause.

## COUNT IV

### Intentional Interference with Contractual Relations

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff owns a business, and Defendant tortiously interfered with his employees' contractual relationships by diminishing Plaintiff's reputation and undermining him.

WHEREFORE, Plaintiff requests the relief set forth in the Ad Damnum clause.

## COUNT V

### Intentional Infliction of Emotional Distress

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Defendant knew that her actions were intentional, reckless, careless, extreme, and outrageous, and Plaintiff is entitled to recover compensatory damages and punitive damages permitted by the law in an amount determined at trial.

WHEREFORE, Plaintiff requests the relief set forth in the Ad Damnum clause.

## COUNT VI

### False Light

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Defendant's wiretapping and slander involved the public disclosure of information that portrayed the Plaintiff in a false or offensive light.

57. Further, the Defendant publicized false statements about him that a reasonable person would find highly offensive.

58. The Defendant knew her statements about the Plaintiff were false or acted with reckless disregard for the truth.

**WHEREFORE**, Plaintiff requests the relief set forth in the Ad Damnum clause.

## COUNT VII

### Invasion of Privacy

59. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

60. Defendant, by recording a private conversation of a sensitive nature, intentionally intruded on the seclusion of Plaintiff's private information, which would be and was substantial and highly offensive to a reasonable person.

61. Defendant made the content of the information known to many people.

62. The information disclosed would have caused mental suffering, shame, or humiliation to a person of ordinary sensibilities.

**WHEREFORE**, Plaintiff requests the relief set forth in the Ad Damnum clause.

### AD DAMNUM Clause/Prayer for Relief

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that:

a. Defendant is to compensate Plaintiff, reimburse him, and make him whole for any economic and psychological loss;

  b. Plaintiff is to be awarded actual damages caused to him by Defendants' actions.

  c. The Defendant is to pay the Plaintiff punitive damages as allowed by applicable law, in an amount the court or trier of fact deems appropriate to punish her for her willful, deliberate, malicious, and outrageous conduct, and to deter her and others from engaging in such misconduct in the future.

  d. Plaintiff should be granted all other equitable and legal remedies the Court considers just, proper, and appropriate, including the return and suppression of the recorded statement and letter of apology by the Defendant.

  e. Plaintiff is to be awarded the costs, expenses of this action, and reasonable legal fees as provided by applicable state and federal law.

  f. Plaintiff is to be granted any additional injunctive or other relief he requests during the pendency of this action to prevent the Defendant from engaging, or from continuing to engage, in unlawful slander against the Plaintiff or other witnesses to the facts underlying this action.

  g. That the Court is to maintain jurisdiction of this action after the verdict to ensure compliance with its Orders therein.

  Respectfully submitted,

  **KOLMAN LAW, P.C.**

  By: /s/ *Timothy M. Kolman*
  Timothy M. Kolman, Esquire
  414 Hulmeville Avenue
  Penndel, Pennsylvania 19047
  (215) 750-3134
  tkolman@kolmanlaw.com
  *Attorneys for Plaintiff*

Dated: August 18, 2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Meder, Shawn

### DEFENDANTS
Hermany, Jennifer

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Timothy M. Kolman, Esquire
414 Hulmeville Ave
Penndel, PA 19047   215-750-3134

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Unauthorized interception, disclosure and use of conversation in violation of The Wiretap Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*

JUDGE _____ DOCKET NUMBER _____

DATE: August 18, 2025

SIGNATURE OF ATTORNEY OF RECORD
Timothy M. Kolman, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __22 S. 2nd Street, Emmaus, PA 18049__

Address of Defendant: __7564 Railroad Street, Trexlertown, PA 18087__

Place of Accident, Incident or Transaction: __22 S. 2nd Street, Emmaus, PA 18049__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case  ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/18/2025__   ___Timothy M. Kolman, Esquire___   __51982__
         *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* WireTap Act 18 Pa.C.S.A. §5725

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
         *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*